THE NAVAJO TRIBE OF INDIANS

Plaintiff-Appellee

vs.

MARILYN LITTLEMAN

Defendant-Appellant

Decided December 7, 1971

Merwin Lynch, Deputy Trial Prosecutor, Office of the Prosecutor, Window Rock, Arizona, for Plaintiff-Appellee

Norman Ration, Reynold Harrison, D.N.A., Window Rock, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, BECENTI and BENNALLEY, Associate Justices

KIRK, Chief Justice

Appeal from a judgment of the Trial Court for the District of Window Rock, Arizona, finding the defendant guilty of a violation of Title 14, Section 252, Navajo Tribal Code, by failing to use due care while driving a vehicle upon a roadway and from a sentence that the defendant serve 30 days in jail.

On the 29th day of April, 1971, the defendant while driving a pickup truck on Navajo Route #12, a public roadway within the

jurisdiction of the Navajo Courts, near Fort Defiance, Arizona, struck and killed a six year old child who was crossing the highway immediately in front of the defendant's truck at the time.

A complaint was issued against the defendant charging her with failure to use due care. The case was heard by the Trial Court without a jury, the defendant was found guilty and it comes before this Court for a trial de novo.

After hearing the evidence on appeal this Court finds that the evidence is insufficient to sustain a finding of guilty beyond a reasonable doubt. However, the Court is not at all satisfied that the defendant used all due care and precautions which she should have used under the circumstances.

In this respect the Court will take judicial notice that highway and traffic conditions on the Navajo Reservation require an extra degree of caution and due care and that Navajo drivers are under a duty to use a higher degree of care because of the general lack of fences and open range conditions on the reservation with horses, sheep and other animals apt to wander onto the highways. There are, in general, no sidewalks or marked pedestrian crossings in the towns on the reservation and many people walk along and cross highways at unexpected points.

The Tribal Council has recognized these conditions in enacting Section 252, Title 14, Navajo Tribal Code, under which Navajos are

required to:

> "... exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway."

We strongly recommend that signs be erected calling for much slower vehicle speeds at all points where there are apt to be children or other people near or upon the highway and that crosswalks be marked on the pavement at points where there are frequent pedestrian crossings, that many of the posted speed limits be lowered and that generally more warnings be posted. In this case the posted speed limit was 45 miles per hour. We consider that the defendant may have failed to use due care in this case by driving at 25 miles per hour.

Counsel for both parties have presented rather extensive briefs on the application of the ruling in Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2nd 694, to the present case. It appeared from the evidence that the police officer called to the scene of the accident asked the defendant about the circumstances and she admitted to him that she was driving the vehicle that struck the child. Since the defendant subsequently took the witness stand on her own behalf and admitted she was the driver, we cannot see that the Miranda ruling has application to this case.

It is ORDERED that a judgment of acquittal be entered and that the defendant be immediately discharged.

BECENTI, Associate Justice and BENNALLEY, Associate Justice, concur.